

RECEIVED
MAY 29 2001
CHAMBERS OF
U.S. DISTRICT JUDGE
CARL J. BARBIER

ORIGINAL

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JUN -1 AM 11: 17

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANIEL RONQUILLE and<br>CHRIS RONQUILLE | * | CIVIL NUMBER: 00-0175 |
| | * | |
| | * | SECTION "J" |
| VERSUS | * | |
| | * | |
| SCHLUMBERGER TECHNOLOGY | * | MAGISTRATE: 4 |
| CORPORATION F/K/A GECO PRAKLA, INC. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PRE-TRIAL ORDER

1.

A Pre-Trial Conference was held in the chambers of the Honorable Carl Barbier, Judge, U.S.D.C. on the 31st day of May, 2001.

2.

### APPEARANCE OF COUNSEL

Attorneys for plaintiffs,
Daniel Ronquille and Chris Ronquille:

DARYL A. HIGGINS (#6868)
OAKWOOD CORPORATE CENTER
401 Whitney Avenue, Suite 500
Gretna, Louisiana 70056
P.O. Box 1910
Gretna, Louisiana 70054-1910
Telephone (504)362-2466

DATE OF ENTRY
JUN - 1 2001

-1-

                                                          Mr. Sam Chauppette (#4113)
                                                        2439 Manhattan Blvd., Suite 311
                                                        Harvey, LA 70058

Attorneys for Defendant,
Schlumberger Technology Corp.:           Mr. Scott Silbert (#12068)
                                                        SILBERT & GARON
                                                        909 Poydras Street, Suite 2130
                                                        New Orleans, LA 70112
                                                         Telephone: 504-581-6200
                                                        Telecopier: 504-584-5274

3.

## DESCRIPTION OF THE PARTIES

A.    Plaintiffs:

Daniel Ronquille and Chris Ronquille, persons of the full age of majority. Suit has been brought in their individual capacities.

B.    Defendant:

Schlumberger Technology Corporation is a Texas corporation having its principal place of business at Sugarland, Texas

4.

## JURISDICTION

Plaintiff's claim is based on the admiralty jurisdiction of the United States under the general maritime law, 28 U.S.C. 1333.

Defendant stipulates to the jurisdiction of this Honorable Court.

5.

**MOTIONS PENDING OR CONTEMPLATED**

Plaintiffs anticipate filing a motion in limine to exclude introduction of a criminal conviction older than ten years.

Defendant will file a motion to continue the trial of this case based upon the phone logs produced by plaintiffs on May 24, 2001, and plaintiffs' new contention that the accident occurred on March 11 which was disclosed to defense counsel for the first time on May 24 and directly contradicts the earlier testimony and the complaint filed in this case to the effect that the accident occurred on February 11, 1999.

Defendant will also file a motion to strike any reference to "ultrahazardous activity" as such term is not recognized under maritime law. Because plaintiffs have invoked jurisdiction under maritime law, any strict liability standard under Louisiana law cannot be asserted. In the alternative, if plaintiffs wish to amend the complaint to assert a state law claim then defendant demands the right to file an amended answer and assert entitlement to trial by jury.

6.

**SUMMARY OF MATERIAL FACTS**

A.   Plaintiffs:

Plaintiffs, Daniel and Chris Ronquille (uncle and nephew), are commercial seafood wholesalers residing in Lafitte, Louisiana, operating under the name, Chris' Seafood. Their business consists of purchasing hard crabs from commercial fishermen and the processing of soft shell crabs for resale. In addition, Chris Ronquille also commercially fished for hard

crabs in the Lafitte/Barataria region.

On March 11, 1999, Chris Ronquille, with the assistance of his older and more experienced uncle, Daniel Ronquille, set out to explore new fishing areas in the waters north of Grand Isle. Chris Ronquille was operating his 18 foot aluminum flat boat powered by a Suzuki, 85 horsepower outboard motor. After identifying several potential crabbing areas, Chris Ronquille decided to take a comfort break and pulled up and tied his boat to a small tree on an island north of Grand Isle - named Dutch Island. After approximately thirty minutes of eating a sandwich, drinking a soft drink and casting a fishing line a few times, plaintiffs decided to head home. The boat engine started without incident. However, as soon as the engine was engaged in reverse, an explosion occurred directly underneath plaintiff's vessel. The force of the explosion caused plaintiff's boat to be violently thrust upward causing both plaintiffs to be thrown down causing the damages complained of. Frightened and unsure as to just what had occurred, plaintiffs called via cell phone the Coast Guard who, along with Wild Life and Fisheries personnel, ordered plaintiffs to remain with their vessel instructing them not to touch anything until they arrived.

The Coast Guard arrived and retrieved from the prop of plaintiff's vessel several feet of wire subsequently determined to be detonator wire used to detonate dynamite charges which had been placed in the area for purposes of conducting seismic testing for oil and gas exploration.

Defendant, Geco Prakla, a division of Schlumberger Technology Corp. (Geco Prakla) was sued after it was determined that Geco Prakla had the exclusive right and was the permit holder performing seismic testing in the geographical area of plaintiffs' accident.

Geco Prakla had, in fact, conducted seismic testing operations placing hundreds of dynamite charges within the designated permit area including the area of plaintiff's accident. Seismic testing operations begin with a survey of "lines" followed by use of a ramming device to bury two kilometer dynamite charges to a depth of approximately twenty feet. Air boats were used to perform this task and the water depth varied from a few inches to several feet. Geco Prakla subcontracted with an air boat owner, Michael Perrin, for transportation and assisting with this seismic testing operation. As the various boat operators would go from survey location to location, charges would be anchored. Approximately forty foot of detonator wire would run from the charge and was attached above water to the survey pole for the detonating crew (shooters) to locate and explode using a controlled electric pulse.

After charges were wired for fire, pole locations would sometimes be lost either due to boats running over the survey poles or from waves dislodging the wires from the survey poles. Occasionally, dynamite would even "float up" from an anchored location. When such would occur, the shot locations would have to be "re-rammed" leaving un-detonated the "lost" charges.

Defendant's safety manual acknowledges that charges could accidentally be fired by a means other than the designed controlled electric pulse. For example, charges could be fired as a result of impact/friction, heat/fire, static electricity, or energy from radio transmissions. Plaintiffs contend that when the engine's prop was engaged, it caught and became entangled with the detonator wire causing either heat, friction, impact and/or the creation of static electricity detonating the charge in question.

Plaintiffs contend that the activities of defendant were ultra hazardous activities and are strictly liable for plaintiffs' damages. Plaintiffs further contend that under the facts and circumstances in this case the Doctrine of Res Ipsa Loquitur applies. Plaintiffs also contend that defendant failed to follow its own Health, Safety and Environment Manual regarding the handling of hazardous materials and that unlicensed and untrained individuals were used by defendant regarding the ramming of dynamite charge locations. Plaintiffs lastly contend that defendant was negligent in its dynamite accounting practices and in failing to properly post warning to the general public of the presence of this potentially dangerous condition.

As a result of the accident, plaintiff, Daniel Ronquille, suffered an aggravation of pre-existing cervical degenerative disc disease substantially increasing his pain, disability and motion limitation of his neck and arm previously not experienced. As a result of his increased weakness and pain, plaintiff was required to hire additional help to assist in commercial crabbing business which additional costs he attributes directly to his inability to perform the manual labor tasks he performed prior to the accident. Daniel Ronquille has undergone MRI, cervical mylogram, CT, nerve conduction and x-ray testing, which all confirm the presence of multi level disc disease. His condition is so multi leveled that he is not considered a surgical candidate. Daniel Ronquille's medical specials are in excess of $11,000.00.

Chris Ronquille repaired the damage to his vessel cause by the explosion, which was minimal. Also, he was not seriously hurt in the accident. Therefore, is not making either a property damage or personal injury damage claim. However, Chris Ronquille has

suffered a loss of business revenues by having to hire additional help to perform the work that prior to the accident was performed by Daniel Ronquille. Plaintiff's economic expert, Dr. Randolph Rice, has calculated the economic loss due as a direct result of hiring additional help to have a present day value in excess of $175,000.00.

B.   Defendant:

Schlumberger Technology Corporation denies that any explosion such as that described by plaintiffs occurred.

Schlumberger Technology Corporation denies that it breached any legal duty which it owed to the plaintiffs.

Schlumberger Technology Corporation denies that Chris Ronquille sustained any injuries of any kind.

In the alternative, if Daniel Ronquille can prove that he was involved in an incident for which Schlumberger Technology Corporation was legally responsible (which is adamantly denied), Schlumberger Technology Corporation maintains that Daniel Ronquille cannot prove that he injured his neck in the subject accident. Schlumberger Technology Corporation also maintains that plaintiff's neck condition and the necessity for its treatment all pre-dated the accident.

Schlumberger Technology Corporation maintains that neither Daniel Ronquille nor Chris Ronquille can prove a loss of income or revenue which each or either of them can recover as a matter of fact or law.

7.

## UNCONTESTED MATERIAL FACTS

1. Geco Prakla, a division of Schlumberger Technology Corp., performed seismic testing within certain designated areas under State of Louisiana, State Mineral Board Permit Number 98-11, allowing for geophysical and/or geological exploration on state-owned lands and water bottoms.

2. The seismic testing performed under permit number 98-11 involved placement of dynamite charges (approximately two kilograms) at a depth of approximately twenty feet below ground.

3. Detonation of the dynamite charges were accomplished by detonator wire which exited the cylinders incasing the charge which served as a means of communicating the current necessary to activate the detonation, and, in turn, fire the charge.

4. Defendant held the exclusive right, within the permit time specified, to perform seismic testing within the permit area pursuant to permit application number 98-11.

5. Defendant entered into a contract with Michael Perrin relative to providing equipment and services needed to accomplish the seismic testing being performed pursuant to permit application number 98-11.

6. Michael Perrin held no licenses or certificates relative to handling, ramming, firing or any other activity associated with the work being performed pursuant to permit application number 98-11.

7. Michael Perrin was never provided with a copy of defendant's Health, Safety and Environment Manual.

8. The "explosives" used pursuant to permit application number 98-11 are considered by defendant as "hazardous" materials.

9. Possible sources that could set off a detonation besides the controlled electric pulse from a seismic blaster are static electricity, energy from radio transmissions and explosions.

10. Defendant recognizes that it was a common practice for drillers to transport, prime and load charges immediately after a hole had been drilled, and therefore, all drillers and their helpers must be trained and be licensed to transport, handle, prime, load and detonate explosives.

11. Under no circumstances would defendant permit untrained personnel to handle, prime, load and/or fire explosives.

12. The location as described by plaintiffs as the alleged explosion occurring is within the permit area pursuant to permit application number 98-11.

13. The wire identified as being retrieved by the Coast Guard from plaintiff's prop was the type of wire generally used in the type of seismic testing being performed pursuant to permit application number 98-11.

14. Lost shot locations or misfired charges are not retrieved by defendant.

8.

## CONTESTED ISSUES OF FACT

1. Nature and extent of plaintiff, Daniel Ronquille's pre-existing degenerative

disc conditions.

2. The extent of plaintiff, Daniel Ronquille's aggravation of pre-existing asymptomatic arthritic conditions.

3. In addition to the causes outlined in number 10 above, defendant's Health, Safety and Environment Manuel recognizes possible sources that could set off a detonation are heat/fire and impact/friction.

4. There were no warnings or other notification of seismic testing posted within the permit boundary area pursuant to application number 98-11.

5. Whether the use of dynamite for seismic testing is considered an ultrahazardous activity.

6. Whether or not plaintiffs, Daniel Ronquille and Chris Ronquille, had knowledge of seismic testing being conducted in the area where the explosion occurred.

7. Whether defendant recognizes that losses of charged shot locations may occur as a result of wave action or vessels knocking over survey poles requiring re-ramming of shot locations.

8. Whether or not plaintiffs are comparatively at fault in this matter.

9. Whether or not Daniel Ronquille's future work life expectancy from trial is 5.8 years.

10. Whether or not plaintiff's medical specialists amount to $11,276.45.

11. Whether an incident such as that alleged by plaintiffs occurred.

12. Whether plaintiffs sustained any physical injuries.

13. The medical cause of the neck injuries claimed by Daniel Ronquille.

14. Whether Daniel Ronquille or Chris Ronquille have sustained any economic losses as a matter of fact.

9.

## CONTESTED ISSUES OF LAW

1. Whether or not defendant is strictly liable for performing an ultrahazardous activity.

2. Application of the Doctrine of Res Ipsa Loquitur.

3. Negligence of the defendant.

4. Whether Daniel Ronquille sustained any injuries for which Schlumberger Technology Corporation is responsible as a matter of law.

5. Whether Daniel Ronquille sustained any economic losses as a matter of law.

6. Whether Chris Ronquille sustained any injuries which entitle him to an award of damages.

7. Whether Chris Ronquille has any legal right to pursue a claim for economic losses.

8. All those issues inherent in the factual issues set forth above.

10.

## EXHIBIT LIST

A. Plaintiffs' Exhibit List:

(1) Stipulated as to authenticity, relevancy and admissibility without objection.

1. State of Louisiana, State Mineral Board Application for Permit to conduct

geophysical and/or geographical exploration on state owned lands and water bottoms, issued to applicant, Geco Prakla, a division of Schlumberger Technology Corporation, dated February 2, 1998.

2. Defendant's map of Dutch Island indicating coordinates of survey seismic testing shot locations. (Subject to Protective Order)

3. Photographs of plaintiffs' business operations.

4. Photographs of plaintiffs' flat boat and motor.

5. The Coast Guard Boarding Report.

6. Plaintiff's income tax returns.

7. Medical statements for services rendered from the following doctors:
   a. Dr. Michael McSween
   b. Dr. John Steck
   c. Dr. Anthony LaNasa
   d. Dr. Matthew Grimm
   e. Dr. Walter Truax
   f. Dr. Jeanette Salone

8. Detonator wire retrieved from plaintiff's prop.

9. Prescription expenses.

10. Defendant's Responses to Plaintiff's Interrogatories.

11. Defendant's Responses to Plaintiff's Request for Admissions.

12. Map of Dutch Island.

13. Any exhibits attached to any deposition.

    14. Any document produced in responses to plaintiffs' Request for Production of Documents or produced pursuant to corporation deposition subpoena.

    (2) Exhibits objected to by defendant.

    1. Cellular Billing Detail phone records from 2/1/99 through 3/31/99.

    2. Selected pages from defendant's Health, Safety and Environment Manual - (Objected as to admissibility).

B. Defendant's Exhibit List

    (1) Stipulated as to authenticity, relevancy and admissibility without objection.

    1. U.S. Coast Guard boarding report.

    2. Map of Dutch Island

    3. Exhibits to depositions of Daniel Ronquille and Chris Ronquille

    4. An exemplar detonator and seismic charge container

    5. Exemplar detonator wire.

    6. Schlumberger documents produced in response to plaintiff's request for production of documents.

    7. Criminal records of Michael Perrin.

    8. Documents produced by the United States Coast Guard in response to the Freedom of Information Act request submitted by defendant.

    9. Tax returns of Chris' Seafood for 1997, 1998, 1999, and 2000.

    10. Any exhibit listed or sought to be introduced by plaintiffs.

    (2) Exhibits objected to by plaintiffs.

    1. Criminal and prison records of Daniel Ronquille. Objected to as irrelevant

and in excess of ten years. FRE 609(B).

2. Deposition of Andrew Martin. The use of this deposition testimony is not stipulated to and the witness is not therefore "unavailable."

11.

## DEPOSITION TESTIMONY

A. Plaintiffs:

The plaintiffs suggest that the deposition testimony of Dr. Michael McSween, Dr. John Steck, Dr. Anthony LaNasa, Dr. Matthew Grimm, Dr. Walter Truax, and Dr. Jeanette Salone be offered in lieu of live testimony. Plaintiffs reserve the right, however, to call any of the above witnesses live at trial.

Plaintiffs do not anticipate using any other deposition testimony in this matter. However, plaintiffs reserve the right to offer the deposition testimony of any witness who becomes unavailable for trial. Plaintiffs additionally reserve the right to use deposition testimony or parts thereof for any purpose permitted under the Federal Rules of Procedure.

B. Defendant:

    1. Dr. Michael McSween

    2. Dr. Anthony V. LaNasa

    3. Dr. Elie Lao

    4. Dr. Walter Truax

    5. Dr. John C. Steck

    6. Dr. Matthew R. Grimm

    7. Andrew Martin

12.

## CHARTS

Plaintiffs do not anticipate using any charts.

13.

## WITNESSES

(A)   Plaintiffs:

| Plaintiffs' Will Call Witnesses | Witness Identity and General Nature of Testimony |
|---|---|
| 1. Daniel Ronquille<br>4608 Jean Lafitte Blvd.<br>Lafitte, LA 70067 | Plaintiff - Fact Witness and Damages |
| 2. Chris Ronquille<br>4726-C Jean Lafitte Blvd.<br>Lafitte, LA 70067 | Plaintiff - Fact Witness and Damages |
| 3. Sandra Ronquille<br>4608 Jean Lafitte Blvd.<br>Lafitte, LA 70067 | Damage Witness |
| 4. Michael Perrin<br>2920 Dove Ave.<br>Marrero, LA 70072 | Fact Witness - Defendant's operations |
| 5. G. Randolph Rice, Ph.D.<br>7048 Moniteau Court<br>Baton Rouge, LA 70809 | Expert Witness - economics (Possible stipulation to report) |
| 6. Corporate representative of<br>Geco Prakla, Inc.<br>A Division of Schlumberger<br>300 Schlumberger Drive<br>Sugarland, TX 77478 | Defendant - on cross examination |

| **Plaintiffs' May Call Witnesses** | **Witness Identity and General Nature of Testimony** |
|---|---|
| 1. Andrew Perrin | Fact Witness/Damages |
| 2. Dr. Michael McSween<br>829 Barataria Blvd.<br>Marrero, LA 70072 | Medical Expert |
| 3. Dr. John Steck<br>1111 Medical Center Blvd.<br>Suite S750<br>Marrero, LA 70072 | Medical Expert |
| 4. Dr. Anthony LaNasa<br>829 Barataria Blvd.<br>Marrero, LA 70072 | Medical Expert |
| 5. Dr. Matthew Grimm<br>1111 Medical Center Blvd.<br>Suite 804<br>Marrero, LA 70072 | Medical Expert |
| 6. Dr. Walter Truax<br>1111 Medical Center Blvd.<br>Suite S750<br>Marrero, LA 70072 | Medical Expert |
| 7. Dr. Jeanette Salone<br>1514 Jefferson Highway<br>New Orleans, LA 70121 | Medical Expert |

(B) Defendant:

| **Defendant's Will Call Witnesses** | **Witness Identity and General Nature of Testimony** |
|---|---|
| 1. Daniel Ronquille | On cross examination |
| 2. Chris Ronquille | On cross examination |

| **Defendant's May Call Witnesses** | **Witness Identity and General Nature of Testimony** |
|---|---|
| 1. Dr. John Steck | |

2.  Dr. Anthony LaNasa

3.  Dr. Michael McSween

4.  Dr. Walter Truax

5.  Dr. Elie Lao

6.  Dr. Matthew Grimm

7.  Andrew Perrin — May be called to testify regarding his work at Chris' Seafood

8.  Michael Perrin — May be called to testify regarding topics covered in his discovery deposition.

9.  Keith Rosindell — May be called to testify regarding documents produced by Schlumberger Technology Corporation, seismic practices, and the fact that Schlumberger Technology Corporation had no "non-detonations" of dynamite in the area where the alleged accident is claimed to have occurred.

10. Steve LeFave or another representative of the U.S. Coast Guard — May be called to testify regarding the use of "boarding reports," the meaning of "boarding" within the ambit of a boarding report, the documents produced by the U.S. Coast Guard in conjunction with the Freedom of Information Act request previously submitted by defendant and related topics.

11. Simon Stockwell — Employee of Schlumberger Technology Corporation - May be called to testify regarding the topics identified in plaintiffs' request for admissions and corporate deposition notice recently served upon defendant and regarding dynamite storage/detonation practices on the job in question.

12. Joshua W. Thomas — May be called to testify regarding the topics set forth in the boarding report and his alleged investigation of the claimed accident.

13. Any witness sought to be called by plaintiffs.

(C) Witness Lists were filed in this matter in accordance with prior orders of this Court. Counsel certifies that they have exchanged expert reports in accordance with the prior orders of this Court.

14.

**THIS IS A NON-JURY CASE**

Suggested findings of fact and conclusions of law and separate trial memorandum will be submitted not less than five (5) full working days prior to trial.

15.

The issue of liability (will or will not) be tried separately from that of quantum.

16.

**OTHER MATTERS**

There are no other matters counsel are aware of that might expedite a disposition of this case.

17.

Trial shall commence the week of June 18, 2001, at 8:00 a.m. Counsel estimates the matter can be tried in one day.

18.

This Pre-Trial Order has been formulated after conference at which counsel for respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court,

or by order of the Court to prevent manifest injustice.

19.

A. By Plaintiffs:

Possibility of settlement in this case was not considered. Defendant advised they do not consider this a case of liability and settlement negotiations, in their opinion, are unwarranted.

B. By Defendant:

Possibility of settlement in this case was considered.

_____
DARYL A. HIGGINS (#6868)
401 Whitney Avenue, Suite 500
Gretna, Louisiana 70056
Telephone (504)362-2466
Attorney for plaintiffs, Daniel Ronquille and Chris Ronquille

_____
SCOTT SILBERT (#12068)
SILBERT & GARON
909 Poydras Street, Suite 2130
New Orleans, LA 70112

_____
CARL J. BARBIER
UNITED STATES DISTRICT
COURT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record by depositing same in the United States mail, properly addressed and postage prepaid, this 25 Day of MAY, 2001.

_____
Daryl A. Higgins

G:\2475\0001\pleadings\pretrial order.wpd